# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SILAS KENDRICKS,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:18cv19-MW/CAS**

**T. BOWDEN,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a response, ECF No. 13, to the Order to Show Cause, ECF No. 12, recently entered in this case. In particular, Plaintiff was directed to demonstrate that his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." ECF No. 12 (citing Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003) (quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372)). Plaintiff has not made that showing. ECF No. 13. Plaintiff has, instead, continued to point to the 2005 copy of his guilty plea and negotiated sentence. ECF No. 13 at

10-11. Plaintiff also contends that he never violated his plea, *id* at 2, and he raises various other assertions concerning his conviction and post-conviction motions. However, Plaintiff acknowledged that he continues to be detained on what he claims is an "improper 25 year habitual felony offender sentence" that was imposed in January of 2007. ECF No. 13 at 8. Accordingly, as explained in greater detail below, this case should be dismissed because it fails to state a claim upon which relief may be granted.

   Plaintiff's second amended civil rights complaint, ECF No. 11, alleged that he entered a guilty plea to a negotiated sentence in 2005. ECF No. 11 at 5. Plaintiff was eventually sentenced in 2007 to a 25 year sentence as a habitual felony offender. *Id.* However, on direct appeal, the Florida First District Court of Appeal ruled that "the 25 year habitual felony designation [was] improper." *Id.* Plaintiff alleged that the Court ordered the "habitual designation to be stricken, affirming the zero to ten year negotiated sentence at conviction." *Id.* Plaintiff then claimed that Defendant T. Bowden, the representative for the Secretary of the Department of Corrections, "fraudulently" documented his sentence as "an amended 25 year sentence [which was ] imposed on" May 4, 2009. *Id.* at 5. Plaintiff

alleged that the Defendant knows that "no record exists" of a 25-year sentence and, moreover, that there was no uniform commitment order directing his custody in the Department of Corrections. *Id.* Plaintiff raises claims for violations of due process and the infliction of cruel and unusual punishment. *Id.* at 7. As relief, he requests a court order directing the Defendant "to correct the record to the Plaintiff's false imprisonment" and to have sanctions imposed on the Defendant. *Id.*

Judicial notice is taken of the Order entered by the Florida First DCA which reversed Plaintiff's sentence and remanded "for the trial court to strike the [Plaintiff's] habitual felony offender designation." Kendricks v. State, 6 So. 3d 86, 87 (Fla. 1st DCA 2009). The Court otherwise affirmed Plaintiff's conviction. *Id.*

That decision reveals that Plaintiff entered a guilty plea to one count of conspiracy to traffic in cocaine. Kendricks, 6 So. 3d at 87. "The state recommended a sentence of zero to ten years of imprisonment," which the trial court accepted, and then postponed sentencing so Plaintiff could provide substantial assistance to law enforcement. 6 So. 3d at 87. However, Plaintiff "was subsequently charged with six new law violations and was ultimately adjudicated guilty and sentenced as a habitual felony

offender to twenty-five years of imprisonment for the conspiracy charge." *Id.* Because he was "not given written notice of the state's intent to habitualize him before he entered his plea," the appellate court concluded that the habitual offender designation was improper. *Id.* The court did not, however, impose a sentence of years but, in fact, reversed Plaintiff's sentence and remanded to the trial court. *Id.* Plaintiff's allegation in the complaint to the contrary, *see* ECF No. 11 at 5, does not change the fact that the court order did not affirm his sentence of zero to ten years.

Judicial notice is also taken of a motion for post-conviction relief which Plaintiff filed in his criminal case, case number 16-2005-CF-4840-HXXX-MA, in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida.[1] Plaintiff's motion was denied on December 9, 2011, by Circuit Judge Thomas Beverly. Judge Beverly's order stated that Plaintiff was challenging "the propriety of the 25 year sentence he received following his plea agreement, which remained in placed following the First District Court of Appeal's determination that his habitual offender designation was improper." Page 2 of Order. The court held that Plaintiff's

---

[1] For Plaintiff's benefit, the relevant order from that case was attached as an appendix to the Order to Show Cause. ECF No. 12.

challenge was "without merit" because the terms of his plea agreement provided "for a sentence of up to thirty (30) years of incarceration upon his subsequent arrest for any new crime that is supported by a finding of probable cause, as occurred" in Plaintiff's case. Pages 2-3 of Order. Attached to that order was a copy of Plaintiff's plea agreement,[2] the judgment entered in Plaintiff's criminal case, and the corrected sentence entered following the mandate issued in Kendricks v. State, 6 So. 3d 86 (Fla. 1st DCA 2009). Accordingly, Plaintiff's claim that he received only a "zero to ten year" sentence is not correct. While that was part of his plea agreement, it was not the ultimate sentence imposed. Instead, Plaintiff was sentenced to a 25 year term of imprisonment *after* issuance of the DCA's mandate.

Plaintiff was given the opportunity to provide a copy of a court order which imposed only a "zero to ten year" sentence. ECF No. 12. He has not done so. Moreover, Plaintiff has not shown that his current incarceration has been invalidated as unlawful. Rather, Plaintiff's

---

[2] That plea agreement states that "I understand that if . . . I am arrested for any new crime that is supported by a finding of probable cause, my plea stands but the negotiated sentence does not and I may be sentenced to any lawful sentence which includes up to 30 years FSP . . . ." Page 1 of plea agreement.

Case No. 4:18cv19-MW/CAS

Page 6 of 9

response, ECF No. 13, reveals that Plaintiff is currently in prison and he continues to claim that his sentence is improper.  He asserts that keeping him in prison beyond his sentence violates that Eighth Amendment.  ECF No. 13 at 8.[3]

The law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  Put simply, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).  Here, that is what Plaintiff seeks.  Plaintiff's

---

[3] Notably, Plaintiff does not explicitly request release from prison.  He does, however, assert that he should no longer be in prison and he implicitly seeks release through his request to have his record corrected to alter the sentence imposed.

requested relief is to have the Defendant "correct the record" and alter his "false imprisonment." ECF No. 11 at 7; *see also* ECF No. 9 at 4, ECF No. 5 at 7. Thus, Plaintiff is attempting to use this civil rights case to have a declaratory judgment entered which declares his sentence to be unlawful and his imprisonment unconstitutional. Such relief may only be obtained in federal court through the filing of a petition for habeas corpus, after exhausting state court remedies. A civil rights case cannot be used to overturn Plaintiff's conviction or declare his incarceration to be unlawful. Because Plaintiff has not demonstrated that his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003) (quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372), Plaintiff's case cannot proceed.

      This recommendation is made notwithstanding Plaintiff's argument in response to the Order to Show Cause that the "Court must assume that the facts within the complaint [are] true" and Plaintiff given the "benefit of reasonable" inferences. ECF No. 13 at 8-9. While that is true, Plaintiff has

relied upon legal documents which he did not present with his complaint. Those documents are central to his claim and are publicly-filed legal records. The Court may take judicial notice of such records. Gooden-Hamilton v. Albertelli Law, LLC, No. 1:17-CV-1550-TCB-JSA, 2018 WL 3699028, at *3 (N.D. Ga. Apr. 19, 2018), report and recommendation adopted, No. 1:17-CV-1550-TCB-JSA, 2018 WL 3698995 (N.D. Ga. May 15, 2018). In fairness, Plaintiff was provided with a copy of the relevant record and given an opportunity to support the factual allegation he raised. Plaintiff did not do so and the record demonstrates that Plaintiff's claims cannot proceed in this civil rights case under Heck. Furthermore, Plaintiff's response demonstrates that his case cannot proceed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and the Order

adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv19-MW/CAS